UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONEL EDUARDO LOPEZ RAMOS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondents. | No. 2:26-cv-01026-DAD-JDP<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On March 23, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") in which he requests his immediate release.  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order.  (Doc. No. 2.)  Also on March 23, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Quichimbo-Jimenez v. Warden*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), where the court concluded petitioner was improperly detained pursuant to 8 U.S.C. § 1225, and *J.P.C., v. Chestnut, et al.*, No. 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026),

1

where the court concluded petitioner was entitled to his immediate release.  (Doc. No. 4.)

On March 25, 2026, respondents filed a combined opposition to the motion for temporary restraining order and return on the habeas petition.  (Doc. No. 6.)  Respondents argue therein that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(1).  (*Id.* at 1.)  Respondents state that they do not oppose converting the motion for a temporary restraining order into a motion for a preliminary injunction nor do they oppose resolving the merits of the habeas petition based on the briefing currently before the court.  (*Id.*)  Moreover, respondents state that this case is not substantively distinguishable from those cited court's order setting the briefing schedule in this case.  (*Id.*)

In support of his petition for writ of habeas corpus and motion for temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States on or about July 14, 2017.  (Doc. No. 1 at 4.)  He was detained by immigration authorities on February 12, 2026.  (*Id.*)  Prior to his detention, petitioner worked in the "pipeline industry" for approximately five years.  (*Id.* at 15.)  Petitioner is a father of a United State citizen who resides in Florida.[1]  (*Id.*)

In response to petitioner's petition for writ of habeas corpus, respondents allege that petitioner was previously encountered by immigration authorities and was issued a notice to

/////

---

[1]  The court observes that petitioner has included unredacted copies of a non-party's birth certificate and United States passport as attachments to his petition for writ of habeas corpus (Doc. No. 1).  "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Under Ninth Circuit precedent, the "good cause" standard applies to requests to seal documents which are attached to a non-dispositive motion whereas the "compelling reasons' standard applies to requests to seal documents which are attached to dispositive motions.  *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096–98 (9th Cir. 2016).  A review of petitioner's attachment reveals that it contains personally identifiable information.  Such information is properly sealed under both the "good cause" and "compelling reasons" standards.  *Daybreak Game Co., LLC v. Takahashi*, No. 25-cv-01489-BAS-BLM, 2025 WL 3677379, at *3 (S.D. Cal. Dec. 16, 2025) (collecting cases where courts sealed documents under the "compelling reasons" standard on the basis that they contained personally identifiable information).  Accordingly, compelling reasons appearing, the court will *sua sponte* order the sealing of pages 21–29 of petitioner's pro se petition for writ of habeas corpus (Doc. No. 1 at 21–29).

2

appear for removal proceedings, which were closed on January 25, 2024.[2]  (Doc. No. 6 at 12.) Respondents do not state the reason that those proceedings were closed.

Respondents' claim that petitioner is subject to mandatory detention pursuant to § 1225(b)(1) is misplaced because that section, by its terms, does not apply to noncitizens who have been continuously present in the United States for, "the 2-year period immediately prior to the date of the determination of inadmissibility."  8 U.S.C. § 1225(b)(1)(A)(iii)(II); *see Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *2–3 (N.D. Cal. Sept. 12, 2025) (explaining the application of § 1225(b)(1)); *M.R.R. v. Chestnut*, No. 1:25-cv-01517-JLT-SKO, 2025 WL 3265446, at *4 (E.D. Cal. Nov. 24, 2025) ("[E]xpedited removal applies to noncitizens encountered *anywhere* within the United States, who have been in the United States for less than two years and are inadmissible for lack of valid documentation or misrepresentation[.]").  Here, petitioner entered the United States in 2017.  (Doc. No. 1 at 4.)  Nothing in the record before this court suggests that petitioner has not been continuously present in the United States for the last two years.  (*See* Doc. Nos. 1, 2, 6.)  Accordingly, § 1225(b)(1) cannot be the basis of petitioner's detention.

The court incorporates and adopts the reasoning set forth in *Quichimbo* and finds that petitioner is not legally detained pursuant to 8 U.S.C. § 1225(b)(2).  Moreover, the court incorporates its reasoning in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR, 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026), and finds that the appropriate remedy is petitioner's immediate release where, as here, respondents have failed to provide authority for petitioner's detention.

---

[2]  Respondents request that court take judicial notice of the form I-213 attached as their exhibit one.  (Doc. No. 6 at 2, n. 2.)  The court will deny respondent's request because the court may only take judicial notice of the existence of these documents, not their contents, and respondent does not argue how the fact of their existence is relevant to the court's determination.  *See Bhatia v. Silvergate Bank*, 725 F. Supp. 3d 1079, 1101 (S.D. Cal. 2024) (noting the court cannot take judicial notice of court dockets and filings for the truth of the matter asserted therein); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (taking judicial notice of the existence of naturalization applications but not their contents).

To the extent that petitioner has been previously encountered by immigration authorities and released, the court notes that, based on its reasoning in *Kalkan v. Chestnut, et al.*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112 (E.D. Cal. Mar. 20, 2026), petitioner would have obtained a liberty interest in his continued release and based on the court's reasoning in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) and *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), would be entitled to his immediate release.

For the reasons explained above,

1.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.  Respondents are ORDERED to immediately release petitioner from respondents' custody;

    b.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2.  Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

3.  The court DIRECTS the Clerk of Court to seal pages 21–29 of petitioner's *pro se* petition for writ of habeas corpus (Doc. No. 1 at 21–29).

4.  The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **March 26, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4